# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KERN VALLEY STATE PRISON PERSONNEL,<br><br>　　　　　Defendant. | Case No. 1:19-cv-00989-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 15)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Dale Owen Dustin is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 26, 2019, Plaintiff initiated the instant action in the United States District Court for the Northern District of California. (ECF No. 1.) On July 17, 2019, the instant action was transferred to this Court. (ECF No. 4.) On July 22, 2019, the Court ordered Plaintiff to either submit an application to proceed *in forma pauperis*, or, in the alternative, pay the $400.00 filing fee for this action, within forty-five days of the date of service of the order. (ECF No. 7.) Plaintiff failed to submit an application to proceed *in forma pauperis* or pay the $400.00 filing fee within 45 days after service of the July 22, 2019 order.

On September 16, 2019, the Court issued an order to show cause directing Plaintiff to either file an application to proceed *in forma pauperis*, pay the $400.00 filing fee for this action, or show cause in writing why this action should not be dismissed for failure to comply with the

1

Court's July 22, 2019 order. (ECF No. 12.) On October 7, 2019, Plaintiff filed a written response to the order to show cause. (ECF No. 13.) On October 9, 2019, the Court vacated the September 6, 2019 order to show cause and granted Plaintiff thirty additional days to either submit an application to proceed *in forma pauperis* or pay the $400.00 filing fee for this action.

Currently before the Court is Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, filed on October 18, 2019. (ECF No. 15.)

**I.**

**LEGAL STANDARD**

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Therefore, if a prisoner has incurred three or more "strikes" (*i.e.*, three or more cases that were dismissed on the grounds that the cases were frivolous, malicious, or failed to state a claim upon which relief may be granted) before filing a new civil action, the prisoner is precluded from proceeding *in forma pauperis* in the new civil action unless the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time the complaint was filed. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).

**II.**

**DISCUSSION**

Initially, the Court finds that Plaintiff has incurred three or more "strikes" under § 1915(g) prior to filing the instant civil action. The Court take judicial notice of the following cases[1]: (1)

---

[1] The Court takes judicial notice of these cases pursuant to Federal Rule of Evidence 201(b)(2). See United States v. Black, 482 F.3d 1035, 1041 (9th Cir. 2007); Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 n.3 (9th Cir. 2005); U.S. el rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

2

Dustin v. Galaza, No. 1:02-cv-05515-OWW-DLB (E.D. Cal.) (dismissed on October 28, 2003 for failure to file a second amended complaint, following a screening order dismissing first amended complaint for a repeated violation of Fed. R. Civ. P. 8(a)'s short and plain statement requirement); (2) Dustin v. Townsend, No. 2:04-cv-00672-GEB-JFM (E.D. Cal.) (dismissed on May 1, 2006 for failure to file second amended complaint, following screening order dismissing first amended complaint for a repeated violation of Fed. R. Civ. P. 8(a)'s short and plain statement requirement); (3) Dustin v. Alameida, No. 1:03-cv-05626-AWI-LJO (E.D. Cal.) (dismissed on June 27, 2006 for failure to file a third amended complaint, following a screening order dismissing second amended complaint for a repeated violation of Fed. R. Civ. P. 8(a)'s short and plain statement requirement); (4) Dustin v. Galaza, No. 1:05-cv-00697-AWI-DLB (E.D. Cal.) (dismissed on March 29, 2008 for failure to state a claim and repeated violations of Fed. R. Civ. P. 8(a)'s short and plain statement requirement); (5) Dustin v. Vogel, No. 1:05-cv-00612-AWI-WMW (E.D. Cal.) (dismissed on March 25, 2009 as barred by the statute of limitations); and (6) Dustin v. Galaza, No. 1:05-cv-00768-LJO-MJS (E.D. Cal.) (dismissed on September 21, 2010 for failure to file a third amended complaint, following screening order striking and dismissing prior complaints for repeated violations of Fed. R. Civ. P. 8(a)'s short and plain statement requirement). See Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) ("Accordingly, we hold that when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)."); Belanus v. Clark, 796 F.3d 1021, 1024, 1027, 1030 (9th Cir. 2015) (stating that a dismissal for statute of limitations on the face of a complaint is a dismissal for failure to state a cause of action upon which relief could be granted); Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013) (stating that "dismissals following the *repeated* violation of Rule 8(a)'s 'short and plain statement' requirement, following leave to amend, are dismissals for failure to state a claim under § 1915(g)[]").

Therefore, Plaintiff's application to proceed *in forma pauperis* must be denied unless his complaint makes a plausible allegation that he faced "imminent danger of serious physical injury" at the time that he filed his complaint on June 26, 2019. Andrews, 493 F.3d at 1053-56. In his

3

complaint, Plaintiff alleges that, after telling Kern Valley State Prison ("KVSP") officials that he had numerous enemies at KVSP and that he could not be safely housed at KVSP, his former cellmate attacked him on May 16, 2019 and is "now" only housed five cells away from Plaintiff. (ECF No. 1, at 1-2.) Further, Plaintiff states that he is at risk of having another cellmate who may attack him. (Id. at 2.)

However, Plaintiff's complaint does not contain any factual allegations demonstrating that, at the time that he filed his complaint on June 26, 2019, he was in imminent danger of serious physical injury. While Plaintiff alleges that his former cellmate physically injured him in May 2019, Plaintiff has not pled that his former cellmate continued to threaten him or that he had received any credible reports that his former cellmate was about to attack him once again. Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) ("Allegations that the prisoner faced imminent danger in the past are insufficient to trigger [the imminent danger] exception to § 1915(g)[.]") Further, with regards to Plaintiff's numerous enemies at KVSP, Plaintiff has not stated that he had received any threats from his enemies or any credible reports that any of his enemies was about to attack him. Id. Finally, Plaintiff's allegation that a future cellmate may attack him is mere speculation. Blackman v. Mjening, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016) ("Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical."). Therefore, since Plaintiff has not satisfied the imminent danger exception to three-strikes rule of § 1915(g), Plaintiff's application to proceed *in forma pauperis* must be denied. If Plaintiff wishes to proceed with this action, Plaintiff must pre-pay the $400.00 filing fee in full.

## III.

## RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis*, (ECF No. 15), be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ordered to pay the $400.00 filing fee in full in order to proceed with this action.

4

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **November 6, 2019**

UNITED STATES MAGISTRATE JUDGE