# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KERN VALLEY STATE PRISON PERSONNEL,<br><br>　　　　　Defendant. | Case No. 1:19-cv-00989-LJO-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, AND REQUIRING PLAINTIFF TO PAY THE FILING FEE TO PROCEED WITH THIS ACTION<br><br>(ECF Nos. 15, 16)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Dale Owen Dustin is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 6, 2019, the assigned Magistrate Judge issued findings and recommendations that Plaintiff's application to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g) and that Plaintiff be required to pay the $400.00 filing fee in full in order to proceed with this action. (ECF No. 16.) The findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within thirty (30) days after service of the findings and recommendations. (Id.) Plaintiff timely filed objections on November 25, 2019. (ECF No. 17.)

In his objections, Plaintiff first asserts that his application to proceed *in forma pauperis*

1

should be granted because, contrary to the Magistrate Judge's findings, he has never had a civil case dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted and, thus, he has no strikes pursuant to § 1915(g). However, in determining whether a case counts as a strike pursuant to § 1915(g), "the reviewing court looks to the dismissing court's action and the reasons underlying it. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013).

In this case, after independently reviewing all six of the cases that the Magistrate Judge determined qualify as strikes, the undersigned finds that each of the six cases listed in the findings and recommendations qualifies as a strike because each case was dismissed for failing to state a claim upon which relief may be granted. See Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) ("Accordingly, we hold that when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)."); Belanus v. Clark, 796 F.3d 1021, 1024, 1027, 1030 (9th Cir. 2015) (stating that a dismissal for statute of limitations on the face of a complaint is a dismissal for failure to state a cause of action upon which relief could be granted); Knapp, 738 F.3d at 1110 (stating that "dismissals following the *repeated* violation of Rule 8(a)'s 'short and plain statement' requirement, following leave to amend, are dismissals for failure to state a claim under § 1915(g)[]"). Therefore, Plaintiff's first objection is overruled.

Second, Plaintiff contends that the Magistrate Judge erred when he determined that Plaintiff's complaint failed to make a plausible allegation that Plaintiff was in imminent danger of serious physical injury at the time Plaintiff filed his complaint. Plaintiff states that, judging from the fact that he is still feeling pain on the right side of his ribs, he has established that he is in ongoing danger of serious physical injury. However, Plaintiff's allegations regarding the fact that he was physically injured in the past by one or more former cellmates and a porter do not establish that he was in imminent danger of serious physical injury at the time he filed his complaint. Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) ("Allegations that the prisoner

faced imminent danger in the past are insufficient to trigger [the imminent danger] exception to § 1915(g)[.]") Further, Plaintiff's allegations that he is in danger of being physically injured at some point in the future by other inmates or prison staff are too speculative and conclusory to support a finding that Plaintiff faced an ongoing danger of serious physical injury at the time he filed his complaint. Blackman v. Mjening, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016) ("Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical."). Therefore, Plaintiff's second objection is overruled.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the findings and recommendations are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on November 6, 2019, (ECF No. 16), are adopted in full;
2. In accordance with 28 U.S.C. § 1915(g), Plaintiff's application to proceed *in forma pauperis*, (ECF No. 15), is DENIED;
3. Within **twenty-one (21) days** following the date of service of this order, Plaintiff shall pay the $400.00 filing fee in full in order to proceed with this action;
4. <u>Plaintiff is warned that if he fails to pay the filing fee within the specified time, this action will be dismissed</u>; and
5. This matter is referred back to the assigned Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated: **December 1, 2019**          /s/ Lawrence J. O'Neill
                                     UNITED STATES CHIEF DISTRICT JUDGE

4