# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE OWEN DUSTIN,<br><br>Plaintiff,<br><br>v.<br><br>KERN VALLEY STATE PRISON PERSONNEL,<br><br>Defendant. | Case No. 1:19-cv-00989-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE AND FAILURE TO OBEY COURT ORDER<br><br>(ECF Nos. 18, 19, 20) |

Plaintiff Dale Owen Dustin is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 6, 2019, the assigned Magistrate Judge issued findings and recommendations that Plaintiff's application to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g) and that Plaintiff be required to pay the $400.00 filing fee in full in order to proceed with this action. (ECF No. 16.) The findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within thirty (30) days after service of the findings and recommendations. (Id.) Plaintiff timely filed objections on November 25, 2019. (ECF No. 17.)

On December 1, 2019, the undersigned issued an order adopting the November 6, 2019 findings and recommendations in full, denying Plaintiff's application to proceed *in forma pauperis*, and ordering Plaintiff to pay the $400.00 filing fee in full within twenty-one (21) days from the date of service of the order. (ECF No. 18.) In the December 1, 2019, the undersigned warned Plaintiff that, if he failed to pay the filing fee within the specified time, this action would

1

be dismissed. (Id. at 3.)

However, on December 27, 2019, rather than pay the $400.00 filing fee in full, Plaintiff filed "objections" to the Court's December 1, 2019 order. (ECF No. 19.) Additionally, on December 30, 2019, Plaintiff filed an "addendum to opposition" to the Court's December 1, 2019 order. (ECF No. 20.) The Court construes Plaintiff's December 27, 2019 "objections" and December 30, 2019 "addendum to opposition" as a motion for reconsideration of the Court's December 1, 2019 order.

Federal Rule of Civil Procedure 60(b)(6) permits the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks and citation omitted). "A party moving for relief under Rule 60(b)(6) must demonstrate both injury and circumstances beyond [their] control[.]" Id. (internal quotation marks and citation omitted). Additionally, Local Rule 230(j) requires that, when a party makes a motion for reconsideration, the party must show "what new or different facts or circumstances are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts and circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citation omitted). Therefore, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the [C]ourt before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).

Here, Plaintiff disputes the Court's determination that he does not meet the imminent danger exception to the three strikes rule and contends that he is in ongoing danger of serious

physical injury.  (ECF Nos. 19, 20.)  However, Plaintiff has not presented the Court with any newly discovered evidence, demonstrated that the Court committed clear error, or established that there has been an intervening change in the controlling law.  <u>Marlyn</u>, 571 F.3d at 880.  Instead, Plaintiff's motion merely reiterates the same arguments previously presented to, and considered by, the Court.  Plaintiff's disagreement with the Court's decision is not grounds for reconsideration.  Therefore, Plaintiff's motion for reconsideration of the Court's December 1, 2019 order is denied.

As noted above, in the Court's December 1, 2019 order, Plaintiff was ordered to pay the $400.00 filing fee in full within twenty-one (21) days after service of the order.  (ECF No. 18, at 3.)  Additionally, Plaintiff was warned in the December 1, 2019 order that failure to pay the filing fee in full would cause this action to be dismissed.  (<u>Id.</u>)

However, the twenty-one (21) day period has now expired, and Plaintiff has failed to pay the $400.00 filing fee in full.  Further, Plaintiff has stated that he does not have $400.00 and "could never come up with it in here."  (ECF No. 19, at 1.)  As such, this case cannot proceed.  Therefore, this matter will be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, (ECF Nos. 19, 20), is DENIED;
2. This action is DISMISSED, without prejudice, based on Plaintiff's failure to comply with the Court's December 1, 2019 order, (ECF No. 18), and his failure to pay the $400.00 filing fee in full; and
3. The Clerk of the Court is directed to terminate all pending deadlines and close this case.

IT IS SO ORDERED.

   Dated: __**January 4, 2020**__           _____**/s/ Lawrence J. O'Neill**_____
                                                                 UNITED STATES CHIEF DISTRICT JUDGE