1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   DALE OWEN DUSTIN,                          No. 1:19-cv-00989-LJO-SAB (PC)

12            Plaintiff,                         ORDER DENYING PLAINTIFF'S MOTION
                                                 TO VACATE JUDGMENT PURSUANT TO
13        v.                                     FEDERAL RULE OF CIVIL PROCEDURE
                                                 60(b)(6)
14   KERN VALLEY STATE PRISON
     PERSONNEL,                                  (Doc. No. 23)
15
              Defendant.
16

17        Plaintiff Dale Owen Dustin is a state prisoner proceeding *pro se* in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19        On November 6, 2019, the assigned magistrate judge issued findings and

20   recommendations recommending that plaintiff's application to proceed *in forma pauperis* be

21   denied pursuant to 28 U.S.C. § 1915(g) and that plaintiff be required to pay the $400.00 filing fee

22   in full in order to proceed with this civil action.  (Doc. No. 16.)  The findings and

23   recommendations were served on plaintiff and contained notice that any objections thereto were

24   to be filed within thirty (30) days after service of the findings and recommendations.  (*Id.*)

25   Plaintiff timely filed objections on November 25, 2019.  (Doc. No. 17.)

26        On December 1, 2019, the previously assigned district judge issued an order adopting the

27   November 6, 2019 findings and recommendations in full, denying plaintiff's application to

28   proceed *in forma pauperis*, and ordering plaintiff to pay the $400.00 filing fee in full within

                                            1

twenty-one (21) days from the date of service of the order.  (Doc. No. 18.)  The court's December 1, 2019 order also warned plaintiff that, if he failed to pay the filing fee within the specified time, this action would be dismissed.  (*Id*. at 3.)

However, on December 27, 2019, rather than pay the $400.00 filing fee in full, plaintiff filed "objections" to the December 1, 2019 order.  (Doc. No. 19.)  Additionally, on December 30, 2019, plaintiff filed an "addendum to opposition" to the court's December 1, 2019 order.  (Doc. No. 20.)

On January 4, 2020, the court construed plaintiff's "objections" and "addendum to opposition" as a motion for reconsideration, denied that motion for reconsideration, and dismissed this action, without prejudice, due to plaintiff's failure to comply with the court's December 1, 2019 order and plaintiff's failure to pay the $400.00 filing fee in full.  (Doc. No. 21.)  Accordingly, judgment was entered against plaintiff on January 6, 2020.  (Doc. No. 22.)

On February 10, 2020, plaintiff filed a motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b)(6).  (Doc. No. 23.)  Rule 60(b)(6) permits the court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist.  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks and citation omitted).  "A party moving for relief under Rule 60(b)(6) must demonstrate both injury and circumstances beyond [their] control[.]"  *Id*. (internal quotation marks and citation omitted).  Additionally, Local Rule 230(j) requires that, when a party makes a motion for reconsideration, the party must show "what new or different facts or circumstances are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts and circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citation omitted).  Therefore, "[a] party seeking reconsideration must show more than a

1   disagreement with the [c]ourt's decision, and recapitulation of the cases and arguments

2   considered by the court before rendering its original decision fails to carry the moving party's

3   burden." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001)

4   (internal quotation marks and citation omitted).

5       In this case, plaintiff contends that the judgment in this case should be vacated and the

6   January 6, 2020 order dismissing this action, without prejudice, should be reconsidered for two

7   reasons.  First, plaintiff argues that the previously assigned district judge, Lawrence J. O'Neill, is

8   biased against him and should have recused himself from this action.  Requests to disqualify or

9   recuse a district judge are governed by two statutes, 28 U.S.C. §§ 144 and 455.  Section 144

10  requires disqualification or recusal of a district judge "[w]henever a party to any proceeding in a

11  district court makes and files a timely and sufficient affidavit that the judge before whom the

12  matter is pending has a personal bias or prejudice against him or in favor of any adverse party[.]"

13  Similarly, 28 U.S.C. § 455(a) and (b)(1) require a district judge to disqualify or recuse himself "in

14  any proceeding in which his impartiality might reasonably be questioned[,]" including "[w]here

15  he has a personal bias or prejudice concerning a party[.]"

16      Here, plaintiff states that Judge O'Neill should have been disqualified or recused from this

17  action based upon his prejudicial statements and attitude towards plaintiff as exhibited in prior

18  rulings in this case.  However, under §§ 144 and 455(a) and (b)(1), "judicial rulings alone almost

19  never constitute a valid basis for a bias or partiality motion[]" because judicial rulings do not rely

20  on an extrajudicial source and "can only in the rarest circumstances evidence the degree of

21  favoritism or antagonism required … when no extrajudicial source is involved."  *Liteky v. United*

22  *States*, 510 U.S. 540, 555 (1994).  Further, "opinions formed by the judge on the basis of facts

23  introduced or events occurring in the course of the current proceedings, or of prior proceedings,

24  do not constitute a basis for a bias or partiality motion unless they display a deep-seated

25  favoritism or antagonism that would make fair judgment impossible."  *Id*.  Here, plaintiff has not

26  demonstrated that Judge O'Neill harbored any "deep-seated favoritism or antagonism that would

27  make fair judgment impossible."  *Id*.  Because plaintiff has failed to establish that "a reasonable

28  person with knowledge of all the facts would conclude that the judge's impartiality might

3

reasonably be questioned[,]" plaintiff's request to disqualify or recuse Judge O'Neill and to reconsider and set aside the orders that Judge O'Neill made in this case must be denied. *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (internal quotation marks and citation omitted).

Second, plaintiff argues that that the judgment entered in this action should be vacated and the January 6, 2020 order dismissing this action without prejudice should be reconsidered because he is indigent and was in imminent danger of serious physical injury at the time he filed this action. However, plaintiff has not presented the court with any newly discovered evidence, demonstrated that the court committed clear error, or established that there has been an intervening change in the controlling law. <u>Marlyn</u>, 571 F.3d at 880. Instead, plaintiff's motion merely reiterates the same arguments previously presented to, and considered by, the court. Plaintiff's disagreement with the court's decision is not grounds for reconsideration. Therefore, plaintiff's Rule 60(b)(6) motion to vacate the judgment must be denied.

<u>CONCLUSION</u>

Based on the foregoing, plaintiff's motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), (Doc. No. 23), is DENIED.

IT IS SO ORDERED.

Dated: __**April 1, 2020**__ 

_____
UNITED STATES DISTRICT JUDGE